**Mei CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3512–AG.**

United States Court of Appeals,
Second Circuit.

Jan. 18, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

David E. Nahmias, United States Attorney, Alonzo H. Long, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

SUMMARY ORDER

Mei Chen petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA adopts the decision of the IJ and merely supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

In the instant case, the IJ based his adverse credibility finding on several erroneous grounds. First, the IJ contended that petitioner's terse I–589 application conflicted with her hearing testimony on the ground that the short written statement did not list *all* of the hiding places petitioner mentioned in her testimony. But the I–589 is not inconsistent with Chen's oral testimony; it is just not as detailed. And, in *Qiu v. Ashcroft,* 329 F.3d 140 (2d Cir.2003), we encouraged immigration judges "to probe for incidental details" when testimony is perceived to be insufficiently detailed. *Id.* at 152. Where an asylum applicant answers these inquiries, as expected, with more detailed information than is contained in her written application, an IJ cannot, in the ordinary course, conclude that the solicited testimony is inconsistent simply because it is more detailed. In addition, the IJ's suggestion that Chen could have remained at home—the one hiding place she mentions in her written narrative—with less risk of discovery is bald speculation, and does not, absent further record evidence, render petitioner's testimony that she hid at home any less credible. In light of these and other errors, we find that the IJ's credibility determination lacked substantial evidence.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision.